STATE OF MAINE
Cumberland. ss. Clerk's Office

JUL 16 2018
3:43 ᵖᵐ.
RECEIVED

STATE OF MAINE          SUPERIOR COURT
CUMBERLAND, ss.         CIVIL ACTION
              DOCKET NO. AP-18-18

THOMAS J. YARCHESKI,

    Petitioner,        )
             )
             )
  v.            )   ORDER ON RESPONDENT'S
             )   MOTION TO DISMISS
DEPARTMENT OF HEALTH AND    )
HUMAN SERVICES,       )
             )
    Respondent.      )

Before the Court is Respondent Department of Health and Human Services's ("DHHS")
motion to dismiss Petitioner Thomas J. Yarcheski's ("Dr. Yarcheski") Rule 80C appeal. For the
following reasons, DHHS's motion is granted.

I.   Background

According to Dr. Yarcheski's petition for Rule 80C review, his wife, Bernadette
Yarcheski ("Mrs. Yarkcheski") is a recipient of MaineCare benefits. (Pet.'s Compl. 1-2.) The
petition was filed by Mr. Yarcheski "as the Representative of his spouse, ... who asks the Court
to review the denial of the Petitioner's request for an administrative hearing concerning
suspension/termination of MaineCare services...." (*Id.* 2.) DHHS acknowledges that Dr.
Yarcheski serves as Mrs. Yarcheski's representative under MaineCare's Section 19 Participant-
Directed Option. (Resp.'s Mot. Dismiss 1.) DHHS asks this Court to dismiss the petition because
Dr. Yarcheski does not have standing to bring this appeal in his own name, and because he is not
an attorney and therefore cannot represent Mrs. Yarcheski in court.

II.   Discussion

The Superior Court (*Horton, J.*) recently dismissed for lack of standing a related
consolidated appeal filed by Dr. Yarcheski. *Yarcheski v. Dep't of Health & Human Servs.,*

Petitioner–Pro Se
Respondent–Kevin Beal, AAG

CUMSC-AP-17-050 (Me. Sup. Ct., Cum. Cty., June 27, 2018). For the reasons discussed in that opinion, this Court likewise finds Dr. Yarcheski lacks standing to maintain this action. Under the Maine Administrative Procedures Act (APA), "[a]ny person aggrieved by the failure or refusal of an agency to act shall be entitled to judicial review thereof in the Superior Court." 5 M.R.S.A. § 11001(2). "A person is aggrieved within the meaning of the APA if that person has suffered particularized injury—that is, if the agency action operated prejudicially and directly upon the party's property, pecuniary or personal rights." *Nelson v. Bayroot, LLC*, 2008 ME 91, ¶ 10, 953 A.2d 378. Because Mrs. Yarcheski's MaineCare benefits are in question, it is Mrs. Yarcheski who is aggrieved by DHHS's alleged inaction. Even if Dr. Yarcheski had authority to act as his wife's representative in this matter before DHHS, his status as representative of an aggrieved party does not give him standing to pursue the matter in his individual capacity in this Court. When a party lacks standing to bring a claim, the claim is nonjusticiable and must be dismissed. *See Madore v. Me. Land Use Regulation Comm'n*, 1998 ME 178, ¶¶ 5, 8, 11, 715 A.2d 157.

In an apparent effort to sidestep the standing issue, Dr. Yarcheski maintains that he has authority to represent his wife's interests in these proceedings pursuant to an appointment of authorized representative signed by Mrs. Yarcheski. (*See* Pet.'s Opp'n to Mot. Dismiss Ex. A-1.) This argument unequivocally fails. Mrs. Yarcheski has not been made a party to this action. As such, although Dr. Yarcheski's opposition focuses principally on this issue, the question of whether or not Mrs. Yarcheski needs an attorney to represent her is not properly before the Court. Nevertheless, lest there be any confusion on this issue, it is undisputed that Dr. Yarcheski is not an attorney. The Appointment of an Authorized Representative under which Dr. Yarcheski claims authority to act on his wife's behalf provides the MaineCare member the opportunity "to appoint an authorized representative to act on [her] behalf *with the Department*." (*Id.*) This

proceeding is not "with the Department," and this authorization grants no authority for Dr. Yarcheski to appear in court on his wife's behalf. The DHHS authorization is not a substitute for a license to practice law, which is required to represent another person in this Court. The Court cautions that an attempt by Dr. Yarcheski to represent Mrs. Yarcheski in a court of law in this state would constitute the unauthorized practice of law, which is a Class E crime pursuant to 17 M.R.S.A. § 807.

III. Conclusion

For the foregoing reasons, DHHS's motion to dismiss is GRANTED. Dr. Yarcheski's Rule 80C appeal is DISMISSED without prejudice.

Dated: _____7/16/15._____

_____
Lance E. Walker, Justice
Maine Superior Court

**Entered on the Docket:** 7/17/18

_M.e_